In re **LEBLANC &**
**ASSOCIATES, Debtor.**

Bankruptcy No. 87–BK–50195–LO–11.

United States Bankruptcy Court,
W.D. Louisiana.

Aug. 24, 1987.

Wayne Shullaw, Lafayette, La., for Breaux Bridge Bank & Trust.

Barry Heinen, Lafayette, La., for debtor.

## ORDER AND REASONS

W. DONALD BOE, Jr., Bankruptcy Judge.

This matter came on for hearing on the motion of Breaux Bridge Bank & Trust, a secured creditor, for amendment of this Court's cash collateral order and for adequate protection in the form of additional security. Breaux Bridge seeks to establish that the debtor's "Collateral Assignment of Contract" in favor of another creditor, First Louisiana Federal Savings Bank, was never perfected, that the contract purportedly assigned to First Louisiana is in fact not so assigned; and that the contract should now be assigned to Breaux Bridge as additional adequate protection for its own undersecured debt.

The threshold issue is the validity as to third parties of the security interest of First Louisiana.

The contract in which First Louisiana claims a secured interest is for architectural services by the debtor in connection with renovation of the jail house for the Avoyelles Parish Sheriff's Department. (Exhibit P–2.) The debtor on October 9, 1985 assigned the contract—including the proceeds to be paid by the Sheriff's Department—to First Louisiana as security for a loan from First Louisiana. (Exhibit A.)

Notices of assignment were thereafter recorded in the public records in Lafayette and Avoyelles Parishes. (Exhibits E & F.) The notices state that Lafayette Parish is the place of business of the debtor, who assigned the contract and proceeds.

On the day of the assignment, Elliot Bienvenu of First Louisiana prepared a letter to Avoyelles Parish Sheriff Bill Belt, transmitting a copy of the assignment of the debtor's service contract to First Louisiana. (Exhibit D.) Although Mr. Bienvenue testified at the hearing that the letter was mailed, the Sheriff testified (at his deposition) that he did not remember receiving such a letter or a copy of the assignment. He also testified he could not find the documents in his file. (Deposition of Sheriff Bill Belt, Exhibit P–3, p. 4.)

The motion of Breaux Bridge urges that notice to the Sheriff is necessary for the pledge of a non-negotiable instrument to be valid as against third persons. Breaux Bridge also argues that the lack of a certified mail receipt or acknowledgement by the Sheriff renders the security device incomplete as a pledge of a non-negotiable credit or instrument under Civil Code Articles 3158 and 3160.

However, other statutory provisions create an alternative method under which notice to the Sheriff is not required for an

assignment of accounts receivable to be perfected as to third parties. Under the Louisiana Assignment of Accounts Receivable Act, a notice of assignment filed in the parish conveyance records of the assignor's place of business makes the assignment valid as to third parties "notwithstanding the fact that any debtors of the account are not notified of ... the assignment." La. Rev.Stat. § 9:3102B. "Accounts receivable" and "account" are defined to include indebtedness for performance of professional services. La.Rev.Stat. § 9:3101(1). The architectural work performed by the debtor clearly falls within this definition.

One clearly intended purpose of the Louisiana Assignment of Accounts Receivable Act was to allow assignments to be effective as against third parties without notifying the account debtor of the assignment. A claimed advantage of this device is that it allows an assignee to lend money and an assignor to borrow without raising questions as to the financial strength of the assignor. *See Fidelity National Bank of Baton Rouge v. Jack Nielson, Inc.,* 248 So.2d 412, 415 (La.App. 3d Cir.1971). A significant disadvantage is that the unnotified account debtor may make a good faith payment of the account and be exonerated of liability. La.Rev.Stat. § 9:3108B.

The Legislature has expressly provided that the Assignment of Accounts Receivable Act is an "additional method" of assigning accounts receivable. La.Rev.Stat. § 9:3109. It is not the only method. Another is a valid pledge of the accounts receivable as incorporeal moveables. *See Citizen's Bank & Trust Co. v. Consolidated Terminal Warehouse, Inc.,* 460 So.2d 663, 671 (La.App. 1st Cir.1984). The flaw in Breaux Bridge's position is that it would bind First Louisiana exclusively to the law of pledge, which under Civil Code Article 3160 requires notice to the debtor of the pledged credit to make the pledge valid as to third parties, when First Louisiana has fully complied with the "additional method" of accomplishing the same under the Assignment of Accounts Receivable Act.

The Court holds accordingly that there was a valid and perfected assignment to First Louisiana of the debtor's receivables under the contract with the Sheriff's Department. It is not necessary for the Court to find whether the Sheriff was notified, since the filing of notice in the conveyance records of the parish of the assignor's place of business suffices to validate the assignment as to third persons. La.Rev. Stat. §§ 9:3102B and 3103B.

Finally, Breaux Bridge emphasizes the Sheriff's failure to pay contract proceeds to the First Louisiana as somehow bolstering its argument for invalidation of the assignment to First Louisiana. Nevertheless, Louisiana law provides that pledge of an incorporeal, including an assignment under the Louisiana Assignment of Accounts Receivable Act, is *not* invalidated by failure of the assignee to require accounting for the proceeds or by the freedom in the assignor to collect or use the proceeds. La. Rev.Stat. § 9:4324A.

In conclusion, the security device of First Louisiana is valid as to third parties. The motion of Breaux Bridge fails to request any available alternative security or other feasible plan for adequate protection and fails to demonstrate any reason for modification of this Court's previous cash collateral order.

Accordingly,

IT IS ORDERED that the request by Breaux Bridge Bank & Trust to void the security instrument of First Louisiana be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the Motion of Breaux Bridge Bank & Trust to Amend Order for Use of Cash Collateral and to Provide Adequate Protection be and the same is hereby DENIED.